FILED

BRIAN T. DUNN, ESQ. (SBN 176502)
JAMON R. HICKS, ESQ. (SBN 232747)
**THE COCHRAN FIRM**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 931-6200
Facsimile: (323) 931-9521
bdunn@cochranfirm.com

2012 MAY -7  PM 2: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PHOEBE LOGGINS, individually
and as Successor in Interest to
MANUEL LOGGINS JR., deceased,
C.L., a minor, by and through her
Guardian Ad Litem, PHOEBE
LOGGINS, F.L., a minor, by and
through her Guardian Ad Litem,
PHOEBE LOGGINS, G.L., a minor,
by and through her Guardian Ad
Litem, PHOEBE LOGGINS, H.L., a
minor, by and through her Guardian
Ad Litem, PHOEBE LOGGINS,

      Plaintiffs,

      vs.

COUNTY OF ORANGE, a
municipal corporation, DEPUTY
DARREN SANDBERG, an
individual, SHERIFF-CORONER
SANDRA HUTCHENS, an
individual, and DOES 1 through 10,
inclusive,

      Defendants.

CASE NO. CV12-691-JVS(MLGx)

**COMPLAINT FOR DAMAGES**

1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**

2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Ratification by a Final Policymaker)**

3. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**

4. **Wrongful Death (Cal. Gov. Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43)**

5. **False Arrest and Imprisonment**

6. **Negligent Infliction of Emotional Distress**

      **<u>JURY DEMAND</u>**

1

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

2.      Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

## PARTIES

3.      Plaintiff PHOEBE LOGGINS is, and at all relevant times herein was, a resident of the County of Orange, State of California, and is the surviving spouse of decedent MANUEL LOGGINS JR.

4.      Plaintiff PHOEBE LOGGINS is the Successor in Interest to decedent MANUEL LOGGINS JR., and is entitled to bring certain causes of action herein alleged pursuant to Section 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating PHOEBE LOGGINS as a Successor in Interest to MANUEL LOGGINS JR., and a true and correct copy of the death certificate for MANUEL LOGGINS JR.)

5.      Plaintiff C.L., a minor, is, and at all relevant times herein was, a resident of the County of Orange, State of California.  Plaintiff C.L. is a surviving biological daughter of decedent MANUEL LOGGINS JR.  Plaintiff C.L. brings this action by and through her mother and Guardian Ad Litem, PHOEBE LOGGINS.

6.      Plaintiff F.L., a minor, is, and at all relevant times herein was, a resident of the County of Orange, State of California.  Plaintiff F.L. is a surviving biological daughter of decedent MANUEL LOGGINS JR.  Plaintiff F.L. brings this action by and through her mother and Guardian Ad Litem, PHOEBE LOGGINS.

7.      Plaintiff G.L., a minor, is, and at all relevant times herein was, a resident of the County of Orange, State of California.  Plaintiff G.L. is a surviving biological daughter of decedent MANUEL LOGGINS JR.  Plaintiff G.L. brings this action by and through her mother and Guardian Ad Litem, PHOEBE LOGGINS.

2

8.     Plaintiff H.L., a minor, is, and at all relevant times herein was, a resident of the County of Orange, State of California. Plaintiff H.L. is a surviving biological daughter of decedent MANUEL LOGGINS JR. Plaintiff H.L. brings this action by and through her mother and Guardian Ad Litem, PHOEBE LOGGINS.

9.     Defendant COUNTY OF ORANGE (hereinafter "COUNTY") is, and at all relevant times herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California. On or around March 7, 2012, a Claim for Damages was submitted to the Orange County Board of Supervisors in substantial compliance with California Government Code § 910, *et seq.* As of the date of the filing of this Complaint, said Claim has been denied by operation of law.

10.     Plaintiffs are informed and believe and thereupon allege that Defendant DEPUTY DARREN SANDBERG is, and at all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY DARREN SANDBERG was a deputy sheriff, and was acting in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department.

11.     Plaintiffs are informed and believe and thereupon allege that Defendant SHERIFF-CORONER SANDRA HUTCHENS is, and all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, SHERIFF-CORONER SANDRA HUTCHENS was acting in the course and scope of her employment with the Defendant COUNTY and the Orange County Sheriff's Department.

12.     Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries,

1   and damages hereinafter set forth, and that each of said Defendants proximately

2   caused the injuries and damages by reason of negligent, careless, deliberately

3   indifferent, intentional, willful, or wanton misconduct, including the negligent,

4   careless, deliberately indifferent, intentional, willful, or wanton misconduct in

5   creating and otherwise causing the incidents, conditions, and circumstances

6   hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault

7   or breach of duty arising out of the matters herein alleged.  Plaintiffs will seek

8   leave to amend this Complaint to set forth said true names and identities of the

    unknown named DOE Defendants when they are ascertained.

9        13.    Each of the individual Defendants sued herein is sued both in his or

10  her individual and personal capacity, as well as in his or her official capacity.

11       14.    Plaintiffs are informed and believe and thereupon allege that, at all

12  times herein mentioned, each of the Defendants was the agent and/or employee

13  and/or co-conspirator of each of the remaining Defendants, and in doing the things

14  hereinafter alleged, was acting within the scope of such agency, employment,

    and/or conspiracy and with the permission and consent of other co-Defendants.

15                   **FACTS COMMON TO ALL COUNTS**

16       15.    This Complaint concerns a fatal deputy-involved shooting which

17  occurred during the early morning hours of Tuesday, February 7, 2012, at or

18  around the San Clemente High School parking lot located at or around 700

19  Avenida Pico, in the City of San Clemente and County of Orange.  At or around

20  4:40 a.m. on that date, Plaintiffs' decedent, MANUEL LOGGINS JR., was

21  lawfully sitting inside his vehicle when Defendant DEPUTY DARREN

22  SANDBERG, while acting under color of law and in the course and scope of his

23  employment with the Defendant COUNTY and the Orange County Sheriff's

24  Department, stopped and detained MANUEL LOGGINS JR., in the immediate

25  presence of two of his minor daughters, Plaintiffs C.L. and F.L., without having

26  probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR.

27  had committed any crime, or would commit a crime in the future.  When DEPUTY

28  DARREN SANDBERG first made contact with MANUEL LOGGINS JR.,

    MANUEL LOGGINS JR. was standing, and/or walking in the parking lot of San

                                        4

Clemente High School, had committed no criminal offense, and was not armed with any kind of weapon. Then, as MANUEL LOGGINS JR. peacefully sat in the driver's seat of his motor vehicle, DEPUTY DARREN SANDBERG negligently assessed the circumstances presented to him and stopped and detained MANUEL LOGGINS JR. without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed a crime, or would commit a crime in the future.

16.    Without warning, Defendant DEPUTY DARREN SANDBERG proceeded to assault and batter decedent MANUEL LOGGINS JR., who was unarmed throughout the subject incident, by acts which included, but were not limited to, repeatedly discharging his department-issued firearm several times at the person of MANUEL LOGGINS, JR., shooting MANUEL LOGGINS JR. multiple times. After surviving for an appreciable period of time, MANUEL LOGGINS JR. died as a direct and proximate result of the gunshot wounds inflicted by DEPUTY DARREN SANDBERG.

17.    At no time during the course of these events did decedent MANUEL LOGGINS JR. pose any reasonable threat of violence to the involved deputy, nor did he do anything to justify the deadly force used against him, and the involved deputy's use of force was unreasonable, deadly, excessive, and unlawful. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. was not armed with any kind of weapon, and posed no reasonable threat of violence to any deputy, nor to any other individual. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY DARREN SANDBERG shot and killed MANUEL LOGGINS JR., DEPUTY DARREN SANDBERG was not faced with any circumstances which would have led a reasonable deputy to believe that MANUEL LOGGINS JR. posed the risk of death or serious bodily injury to any deputy, or to any other individual.

18.     Throughout the course of the above-described events, two of decedent MANUEL LOGGINS JR.'S biological daughters, Plaintiffs C.L. and F.L., were present at the subject location and directly saw, perceived, and heard the incident involving Defendant DEPUTY DARREN SANDBERG and their father.  As a direct result of the negligent tactics used by DEPUTY DARREN SANDBERG in stopping, detaining, and ultimately shooting their father, MANUEL LOGGINS JR., Plaintiffs C.L. and F.L. have suffered, and continue to suffer, severe emotional distress.  Immediately after the subject incident, Plaintiffs C.L. and F.L. were falsely arrested and imprisoned by the Orange County Sheriff's Department, in that they were detained and falsely imprisoned in a custodial setting on the premises of the Orange County Sheriff's Department by heretofore unknown deputies, agents, and employees of the Orange County Sheriff's Department for approximately thirteen (13) hours following the subject incident.  During this thirteen hour detention, Plaintiffs C.L. and F.L. were not told that they were free to leave, and were not allowed access to any adult family members.

## FOR THE FIRST CAUSE OF ACTION

### (By Plaintiff PHOEBE LOGGINS, as Successor in Interest to MANUEL LOGGINS JR., Deceased, Against Defendant DEPUTY DARREN SANDBERG for Violations of Civil Rights [42 U.S.C. § 1983])

### (Based on Unreasonable Use of Deadly Force)

19.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

20.     This cause of action is brought on behalf of decedent MANUEL LOGGINS JR., by and through his Successor in Interest, PHOEBE LOGGINS, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, or usage, of rights, privileges, and immunities secured to MANUEL LOGGINS JR. by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures.

21.     Plaintiffs are informed and believe, and thereupon allege, that at all

6

times mentioned herein, the Defendant COUNTY employed Defendant DEPUTY DARREN SANDBERG. The COUNTY provided DEPUTY DARREN SANDBERG with an official badge and identification card which designated and described DEPUTY DARREN SANDBERG as an employee of the COUNTY and the Orange County Sheriff's Department.

22. At or around 4:40 a.m. on Tuesday, February 7, 2012, decedent MANUEL LOGGINS JR. was sitting peacefully in the driver's seat of his motor vehicle in the parking lot of San Clemente High School, located at or around 700 Avenida Pico in the City of San Clemente and County of Orange, when Defendant DEPUTY DARREN SANDBERG, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department, discharged his department-issued firearm the person of MANUEL LOGGINS JR., who was unarmed. Both prior to and during the time in which he was shot, MANUEL LOGGINS JR. had committed no criminal offense, was not armed with any kind of a weapon, was not resisting the involved deputy, and was not engaged in any actions which would have led a reasonable deputy to believe that he had committed, or was about to commit, any criminal offense, nor did he undertake any actions which would have led a reasonable deputy to believe that he posed a risk of violence to any person.

23. At all times mentioned herein, Defendant DEPUTY DARREN SANDBERG acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and the Defendant COUNTY. DEPUTY DARREN SANDBERG deprived Plaintiffs' decedent, MANUEL LOGGINS JR., of the rights, privileges, and immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

24. Both prior to and during the time in which he was stopped, detained, seized, shot, and killed, decedent MANUEL LOGGINS JR. was not armed with any kind of weapon, and posed no reasonable threat of violence to any deputy, nor

7

to any other individual.  Both prior to and during the time in which he was unlawfully stopped, detained, seized, shot, and killed, MANUEL LOGGINS JR. had committed no criminal offense, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.  Both prior to and during the time in which he was unlawfully stopped, detained, seized, shot, and killed, MANUEL LOGGINS JR. undertook no actions which would suggest to a reasonable deputy that he had committed any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

25.     Plaintiffs' decedent, MANUEL LOGGINS JR., had the Fourth Amendment right to be free from unreasonable governmental seizures of his person, a right which was secured to MANUEL LOGGINS JR. by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983.  All of these interests were implicated by the wrongful conduct of Defendant DEPUTY DARREN SANDBERG, which proximately caused severe injuries to MANUEL LOGGINS JR.

26.     Plaintiffs are informed and believe, and thereupon allege, that in unreasonably seizing the person of Plaintiffs' decedent, MANUEL LOGGINS JR., as described in the foregoing paragraphs of this Complaint, Defendant DEPUTY DARREN SANDBERG acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MANUEL LOGGINS JR. of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DEPUTY DARREN SANDBERG in an amount to be proven at the trial of this matter.

27.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY DARREN SANDBERG,

8

1  Plaintiffs' decedent, MANUEL LOGGINS JR., suffered great mental and physical
2  pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation,
3  indignity, embarrassment, and apprehension prior to his death, all to his damage in
4  a sum to be determined at trial.

5      28.    Plaintiffs are entitled to and hereby demand costs, attorney fees, and
   expenses pursuant to 42 U.S.C. § 1988.

6  ### FOR THE SECOND CAUSE OF ACTION

7  **(By Plaintiff PHOEBE LOGGINS, as Successor in Interest to MANUEL**
8  **LOGGINS JR., Deceased, Against Defendants COUNTY OF ORANGE and**
9  **SHERIFF-CORONER SANDRA HUTCHENS for Violations of Civil Rights**
10 **[42 U.S.C. § 1983])**

11 **(Based on Ratification by a Final Policymaker)**

12     29.    Plaintiffs restate and incorporate by reference the foregoing
13 paragraphs of this Complaint as if set forth in full at this point.

14     30.    This cause of action is brought on behalf of decedent MANUEL
   LOGGINS JR., by and through his Successor in Interest, PHOEBE LOGGINS,
15 who would, but for his death, be entitled to bring this cause of action, and is set
16 forth herein to redress the deprivation, under color of statute, ordinance,
17 regulation, policy, custom, practice, or usage, of rights, privileges, and immunities
18 secured to MANUEL LOGGINS JR. by the Constitution of the United States.

19     31.    Plaintiffs are informed and believe, and thereupon allege, that at all
20 times mentioned herein, the Defendant COUNTY employed Defendants
21 SHERIFF-CORONER SANDRA HUTCHENS and DEPUTY DARREN
22 SANDBERG.  The COUNTY provided SHERIFF-CORONER SANDRA
   HUTCHENS and DEPUTY DARREN SANDBERG with official badges and
23 identification cards which designated and described these Defendants as
24 employees of the COUNTY and the Orange County Sheriff's Department.

25     32.    As set forth in the foregoing paragraphs of this Complaint, Defendant
26 DEPUTY DARREN SANDBERG, while acting under color of law and in the
27 course and scope of his employment with the Defendant COUNTY and the Orange
28 County Sheriff's Department, violated the Fourth Amendment rights of decedent

9

MANUEL LOGGINS JR. by acts which included, but were not limited to, unreasonably stopping, detaining, and seizing MANUEL LOGGINS JR., and unreasonably using deadly and excessive force against the person of MANUEL LOGGINS JR. As set forth in the foregoing paragraphs of this Complaint, the stopping, detention, and shooting of MANUEL LOGGINS JR. was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated MANUEL LOGGINS JR.'S Fourth Amendment right to be free from unreasonable governmental seizures.

33.    Plaintiffs are informed and believe, and thereupon allege, that Defendant SHERIFF-CORONER SANDRA HUTCHENS is a final policymaker in the Orange County Sheriff's Department, and has been given final policymaking authority from the Defendant COUNTY concerning the acts of Defendant DEPUTY DARREN SANDBERG. At all times relevant to the acts and omissions herein alleged, SHERIFF-CORONER SANDRA HUTCHENS acted under color of law and in the course and scope of her employment with the Defendant COUNTY and the Orange County Sheriff's Department.

34.    Plaintiffs are informed and believe, and thereupon allege, that the details of this incident have been revealed to the authorized policymakers within the Defendant COUNTY and the Orange County Sheriff's Department, including Defendant SHERIFF-CORONER SANDRA HUTCHENS, and that such policymakers, including SHERIFF-CORONER SANDRA HUTCHENS, have direct knowledge of the fact that the stopping, detention, and fatal shooting of decedent MANUEL LOGGINS JR. was not justified, but rather represented a series of unconstitutional seizures and an unconstitutional use of deadly force. Notwithstanding this knowledge, the authorized policymakers within the COUNTY, including SHERIFF-CORONER SANDRA HUTCHENS, have specifically approved of Defendant DEPUTY DARREN SANDBERG'S seizure and shooting of MANUEL LOGGINS JR., and have made a deliberate and conscious choice to endorse DEPUTY DARREN SANDBERG'S seizure and shooting of MANUEL LOGGINS JR., and the basis for that seizure and shooting. By doing so, the authorized policymakers within the COUNTY and the Orange

10

County Sheriff's Department, including SHERIFF-CORONER SANDRA HUTCHENS, have shown affirmative agreement with DEPUTY DARREN SANDBERG'S actions, and have ratified the unconstitutional acts of DEPUTY DARREN SANDBERG.

35.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY DARREN SANDBERG, Plaintiffs' decedent, MANUEL LOGGINS JR., suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

36.    Plaintiffs are entitled to and hereby demand costs, attorney fees, and expenses pursuant to 42. U.S.C. § 1988.

### FOR THE THIRD CAUSE OF ACTION

**(By Plaintiff PHOEBE LOGGINS, as Successor in Interest to MANUEL LOGGINS JR., Deceased, Against Defendants COUNTY OF ORANGE and SHERIFF-CORONER SANDRA HUTCHENS for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on a Policy of Failure to Train)**

37.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

38.    This cause of action is brought on behalf of decedent, MANUEL LOGGINS JR., by and through his Successor in Interest, PHOEBE LOGGINS, who would, but for his death, be entitled to bring this cause of action, and is set forth herein, in part, to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, or usage, of rights, privileges, and immunities secured to MANUEL LOGGINS JR. by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures.

39.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed Defendants SHERIFF-CORONER SANDRA HUTCHENS and DEPUTY DARREN

SANDBERG.  The COUNTY provided SHERIFF-CORONER SANDRA HUTCHENS and DEPUTY DARREN SANDBERG with official badges and identification cards which designated and described these Defendants as employees of the COUNTY and the Orange County Sheriff's Department.

40.    As set forth in the foregoing paragraphs of this Complaint, Defendant DEPUTY DARREN SANDBERG, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department, violated the Fourth Amendment rights of decedent MANUEL LOGGINS JR. by acts which included, but were not limited to, unreasonably stopping, detaining, and seizing MANUEL LOGGINS JR., and unreasonably using deadly and excessive force against the person of MANUEL LOGGINS JR.  As set forth in the foregoing paragraphs of this Complaint, the stopping, detention, and shooting of MANUEL LOGGINS JR. was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated MANUEL LOGGINS JR.'S Fourth Amendment right to be free from unreasonable governmental seizures.

41.    Plaintiff is informed and believes, and thereupon alleges, that DEPUTY DARREN SANDBERG'S shooting of MANUEL LOGGINS JR., an unarmed man who posed no threat of violence to DEPUTY SANDBERG, nor to any other person, demonstrated that DEPUTY DARREN SANDBERG'S training was inadequate to allow him to handle the usual and recurring situations faced by Orange County Sheriff's deputies, as evidenced by the following specific actions and omissions of DEPUTY DARREN SANDBERG in his response to the subject incident:

a.    The tactical standard of care for law enforcement agencies similarly situated to the Orange County Sheriff's Department, is for deputies and/or police officers employed by such agencies to refrain from discharging firearms at persons present in motor vehicles, as such a tactic is inherently dangerous, ineffective, and increases the risk of injury to third persons.  When DEPUTY DARREN SANDBERG shot MANUEL LOGGINS JR., he acted in flagrant contravention of this

12

1    well established standard of care, and directly exposed minor children

2    to the risk of death or serious bodily injury.

3    b.    The tactical standard of care for law enforcement agencies similarly

4          situated to the Orange County Sheriff's Department, is for deputies

5          and/or police officers employed by such agencies to utilize additional

6          deputies, departmental personnel and/or departmental resources to

7          assist them when approaching and/or attempting to arrest and/or

8          detain suspects and/or potential arrestees whom deputies believe may

9          possibly pose a threat to the safety of deputies or third parties. Both

10         prior to and during the time in which DEPUTY DARREN

11         SANDBERG shot MANUEL LOGGINS JR., he acted in flagrant

           contravention of this well established standard of care.

12   c.    The tactical standard of care for law enforcement agencies similarly

13         situated to the Orange County Sheriff's Department, is for deputies

14         and/or police officers employed by such agencies, whenever possible,

15         to issue commands and warnings that are clear and intelligible to

16         suspects  and/or potential arrestees  prior to employing deadly force.

17         Both prior to and during the time in which DEPUTY DARREN

18         SANDBERG shot MANUEL LOGGINS JR., he acted in flagrant

           contravention of this well established standard of care.

19   d.    The tactical standard of care for law enforcement agencies similarly

20         situated to the Orange County Sheriff's Department, is for deputies

21         and/or police officers employed by such agencies to use cover,

22         concealment, distance, additional departmental personnel, available

23         illumination, and available communication to accurately assess the

24         level of threat posed by a suspect and/or potential arrestee prior to

25         using deadly force.  Both prior to and during the time in which

26         DEPUTY DARREN SANDBERG shot MANUEL LOGGINS JR., he

27         acted in flagrant contravention of this well established standard of

           care.

28   42.   Plaintiff is informed, and believes, and thereupon alleges, that prior to

13

February 7, 2012, DEPUTY DARREN SANDBERG received training and instruction in police tactics and police procedures from the ORANGE COUNTY SHERIFFS DEPARTMENT in ways which included, but were not limited to, his attendance at a police academy, his attendance at departmental briefings, his attendance at mandatory and voluntary training seminars, his attendance at "roll call" at his respective station(s) prior to his assigned shift(s), his receipt of departmental training manuals, his receipt of departmental training bulletins, and his receipt of additional departmental correspondence and electronic mails.

43.    Both prior to and on February 7, 2012, encounters with suspects and civilians, such as MANUEL LOGGINS, JR., were common among Orange County Sheriff's department patrol deputies similarly situated to DEPUTY DARREN SANDBERG, and such encounters were a recurring situation faced by Orange County Sheriff's department patrol deputies similarly situated to DEPUTY DARREN SANDBERG.

44.    Plaintiff is informed and believes, and thereupon alleges, that those individuals responsible for training DEPUTY DARREN SANDBERG, including, but not limited to, his respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the ORANGE COUNTY SHERIFF'S DEPARTMENT, the identities of whom are presently unknown to plaintiffs, knew, or in the exercise of reasonable diligence, should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach and/or cause to be taught the above referenced tactical training to deputies similarly situated to DEPUTY DARREN SANDBERG would be that unarmed and nondangerous persons, such as MANUEL LOGGINS JR., would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

45.    Plaintiff is informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel of DEPUTY DARREN SANDBERG, including, but not limited to, his respective field training deputies,

14

watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the ORANGE COUNTY SHERIFF'S DEPARTMENT, the identities of whom are presently unknown to plaintiff, knew, or in the exercise of reasonable diligence, should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach and/or cause to be taught the above referenced tactical training to deputies similarly situated to DEPUTY DARREN SANDBERG would be that unarmed and nondangerous persons, such as MANUEL LOGGINS JR., would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

46.    Plaintiff is informed and believes, and thereupon alleges, that the failure of the ORANGE COUNTY SHERIFF'S DEPARTMENT to provide adequate training to DEPUTY DARREN SANDBERG, as described in the foregoing paragraphs of this complaint caused MANUEL LOGGINS to suffer Fourth Amendment violations resulting from the unreasonable use of deadly force, as described in the foregoing paragraphs of this Complaint.

47.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DEPUTY DARREN SANDBERG, Plaintiffs' decedent, MANUEL LOGGINS JR., suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

48.    Plaintiffs are entitled to and hereby demand costs, attorney fees, and expenses pursuant to 42 U.S.C. § 1988.

///

///

///

///

///

COMPLAINT FOR DAMAGES

## FOR THE FOURTH CAUSE OF ACTION

### (By All Plaintiffs Against Defendants DEPUTY DARREN SANDBERG and COUNTY OF ORANGE for Wrongful Death (Cal. Gov. Code §§ 815.2(a), 820(a); Cal. Civil Code § 43))

49.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

50.     All claims against the Defendant COUNTY are presented pursuant to the COUNTY'S vicarious liability for acts and omissions undertaken by municipal employees acting in the course and scope of their employment pursuant to California Government Code Sections 815.2(a) and 820(a).

51.     During the early morning hours of Tuesday, February 7, 2012, at or around the San Clemente High School parking lot located at or around 700 Avenida Pico, in the City of San Clemente and County of Orange, Plaintiffs' decedent, MANUEL LOGGINS JR., was lawfully sitting inside his vehicle when Defendant DEPUTY DARREN SANDBERG, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department, stopped and detained MANUEL LOGGINS JR., in the immediate presence of two of his minor daughters, Plaintiffs C.L. and F.L., without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed any crime, or would commit a crime in the future.  When DEPUTY DARREN SANDBERG first made contact with MANUEL LOGGINS JR., MANUEL LOGGINS JR. was standing, and/or walking in the parking lot of San Clemente High School, had committed no criminal offense, and was not armed with any kind of weapon.  Then, as MANUEL LOGGINS JR. peacefully sat in the driver's seat of his motor vehicle, DEPUTY DARREN SANDBERG negligently assessed the circumstances presented to him and violently confronted MANUEL LOGGINS JR., without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed a crime, or would commit a crime in the future.

52.     Shortly thereafter, and without warning, Defendant DEPUTY DARREN SANDBERG repeatedly discharged his department-issued firearm

16

several times at the person of decedent MANUEL LOGGINS JR., who was unarmed, shooting MANUEL LOGGINS JR. multiple times. After surviving for an appreciable period of time, MANUEL LOGGINS JR. died as a direct and proximate result of the gunshot wounds inflicted by DEPUTY DARREN SANDBERG.

53.     At no time during the course of these events did decedent MANUEL LOGGINS JR. pose any reasonable threat of violence to the involved deputy, nor did he do anything to justify the deadly force used against him, and the involved deputy's use of force was unreasonable, deadly, excessive, and unlawful. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. was not armed with any kind of weapon, and posed no reasonable threat of violence to any deputy, nor to any other individual. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DEPUTY DARREN SANDBERG shot and killed MANUEL LOGGINS JR., DEPUTY DARREN SANDBERG was not faced with any circumstances which would have led a reasonable deputy to believe that MANUEL LOGGINS JR. posed the risk of death or serious bodily injury to any deputy, or to any other individual.

54.     Plaintiffs further allege that Defendant DEPUTY DARREN SANDBERG failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which included, but were not limited to, negligently stopping and detaining decedent MANUEL LOGGINS JR. without probable cause or reasonable suspicion, negligently failing to determine that MANUEL LOGGINS JR. was unarmed when he was shot, negligently failing to determine the fact that MANUEL LOGGINS JR. posed no threat of physical harm to any person when he was shot, negligently inflicting physical injury upon MANUEL LOGGINS JR. as described herein, and negligently employing deadly force against MANUEL LOGGINS JR. when the same was unnecessary and

1  unlawful. All of these negligent acts proximately caused MANUEL LOGGINS

2  JR.'S death on February 7, 2012.

3      55.   As a direct and proximate result of the death of decedent MANUEL

4  LOGGINS JR. and the above-described conduct of the Defendants, and each of

5  them, MANUEL LOGGINS JR.'S heirs have sustained substantial economic

   damages and non-economic damages resulting from the loss of love,

6  companionship, comfort, care, assistance, protection, affection, society, moral

7  support, training, guidance, services, earnings, and support of MANUEL

8  LOGGINS JR. in an amount according to proof at trial.

9      56.   As a further direct and proximate result of the above-described

10  conduct of the Defendants, and each of them, and the ensuing death of decedent

11  MANUEL LOGGINS JR., MANUEL LOGGINS JR.'S heirs have incurred funeral

12  and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

13
14  **(By Plaintiffs C.L., a Minor, By and Through Her Guardian Ad Litem, PHOEBE LOGGINS, and F.L., a Minor, By and Through Her Guardian Ad Litem, PHOEBE LOGGINS, Against Defendants COUNTY OF ORANGE and DOES 1 Through 10, Inclusive, for False Arrest and Imprisonment)**

15
16

17      57.   Plaintiffs restate and incorporate by reference the foregoing

18  paragraphs of this Complaint as if set forth in full at this point.

19      58.   This cause of action is brought by Plaintiffs  C.L., a minor,

20  individually, by and through her Guardian Ad Litem, PHOEBE LOGGINS.

21      59.   This cause of action is additionally brought by Plaintiff F.L., a minor,

22  individually, by and through her Guardian Ad Litem, PHOEBE LOGGINS.

23      60.   All claims against the Defendant COUNTY are presented pursuant to

    the COUNTY'S vicarious liability for acts and omissions undertaken by municipal

24  employees acting in the course and scope of their employment pursuant to

25  California Government Code Sections 815.2(a) and 820(a).

26      61.   At or around 4:40 a.m. on Tuesday, February 7, 2012, Plaintiffs C.L.

27  and F.L. were present in the parking lot of San Clemente High School, located at

28  or around 700 Avenida Pico, in the City of San Clemente and County of Orange.

At or around the aforementioned date and time, C.L. and F.L. were in the immediate presence of their biological father, decedent MANUEL LOGGINS JR., when Defendant DEPUTY DARREN SANDBERG, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department, stopped and detained MANUEL LOGGINS JR. without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed any crime, or would commit a crime in the future. As MANUEL LOGGINS JR., C.L., and F.L. peacefully sat inside of MANUEL LOGGINS JR.'S motor vehicle, DEPUTY DARREN SANDBERG negligently assessed the circumstances presented to him and, without warning, proceeded to assault and batter MANUEL LOGGINS JR., who was unarmed throughout the subject incident, by acts which included, but were not limited to, repeatedly discharging his department-issued firearm several times at the person of MANUEL LOGGINS JR., shooting MANUEL LOGGINS JR. multiple times.

62.    Immediately after the subject incident, Plaintiffs C.L. and F.L. were taken by heretofore unknown deputies, agents, and/or employees of the Defendant COUNTY and the Orange County Sheriff's Department, including Defendants DOES 1 through 10, without lawful warrant, without probable cause or any reasonable belief that they had committed any crime, and after they had witnessed the shooting death of their father, to a custodial setting on the premises of the Orange County Sheriff's Department, where both C.L. and F.L. were kept for approximately thirteen (13) hours, an unreasonable length of time. During this thirteen hour detention, Plaintiffs C.L. and F.L. were not told that they were free to leave, and were not allowed access to any adult family members. Neither C.L. nor F.L. had done anything to justify their false arrest and detainment.

63.    The above-described acts of the Defendants, and each of them, including Defendant DOES 1 through 10, were outrageous, intentional, malicious, and done for the purpose of causing Plaintiffs C.L. and F.L. to suffer injury, humiliation, mental anguish, and emotional and physical distress.

64.    As a proximate result of the above-described conduct of the Defendants, and each of them, including Defendants DOES 1 through 10,

19

1   Plaintiffs C.L. suffered extreme pain and severe mental anguish, as well as mental

2   and physical damage and injury to their mind and body.

3       65.    As a further proximate result of the above-described conduct of the

4   Defendants, and each of them, including Defendants DOES 1 through 10,

5   Plaintiffs C.L. and F.L. sustained the above-described injuries, and incurred

6   requisite expenses in an amount according to proof at trial.

        66.    The aforementioned acts of the Defendants, and each of them,

7   including Defendants DOES 1 through 10, were willful, wanton, malicious, and

8   oppressive, and justify the awarding of exemplary and punitive damages as against

9   the individual Defendants herein.

10                  **FOR THE SIXTH CAUSE OF ACTION**

11  **(By Plaintiffs C.L., a Minor, By and Through Her Guardian Ad Litem,**

12  **PHOEBE LOGGINS, and F.L., a Minor, By and Through Her Guardian Ad**

13  **Litem, PHOEBE LOGGINS, Against Defendants COUNTY OF ORANGE**

14  **and DEPUTY DARREN SANDBERG for Negligent Infliction of**

    **Emotional Distress)**

15      67.    Plaintiffs restate and incorporate by reference the foregoing

16  paragraphs of this Complaint as if set forth in full at this point.

17      68.    This cause of action is brought by Plaintiff C.L., a minor,

18  individually, by and through her Guardian Ad Litem, PHOEBE LOGGINS.

19      69.    This cause of action is additionally brought by Plaintiff F.L., a minor,

20  individually, by and through her Guardian Ad Litem, PHOEBE LOGGINS.

21      70.    All claims against the Defendant COUNTY are presented pursuant to

22  the COUNTY'S vicarious liability for acts and omissions undertaken by municipal

23  employees acting in the course and scope of their employment pursuant to

    California Government Code Sections 815.2(a) and 820(a).

24      71.    During the early morning hours of Tuesday, February 7, 2012, at or

25  around the San Clemente High School parking lot located at or around 700

26  Avenida Pico, in the City of San Clemente and County of Orange, Plaintiffs'

27  decedent, MANUEL LOGGINS JR., was lawfully sitting inside his vehicle when

28  Defendant DEPUTY DARREN SANDBERG, while acting under color of law and

                                20

in the course and scope of his employment with the Defendant COUNTY and the Orange County Sheriff's Department, stopped and detained MANUEL LOGGINS JR., in the immediate presence of two of his minor daughters, Plaintiffs C.L. and F.L., without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed any crime, or would commit a crime in the future. When DEPUTY DARREN SANDBERG first made contact with MANUEL LOGGINS JR., MANUEL LOGGINS JR. was standing, and/or walking in the parking lot of San Clemente High School, had committed no criminal offense, and was not armed with any kind of weapon. Then, as MANUEL LOGGINS JR. peacefully sat in the driver's seat of his motor vehicle, DEPUTY DARREN SANDBERG negligently assessed the circumstances presented to him and stopped and detained MANUEL LOGGINS JR. without having probable cause or reasonable suspicion to believe that MANUEL LOGGINS JR. had committed any crime, or would commit a crime in the future.

72.     Without warning, Defendant DEPUTY DARREN SANDBERG proceeded to assault and batter decedent MANUEL LOGGINS JR., who was unarmed throughout the subject incident, by acts which included, but were not limited to, repeatedly discharging his department-issued firearm several times at the person of MANUEL LOGGINS JR., shooting MANUEL LOGGINS JR. multiple times. After surviving for an appreciable period of time, MANUEL LOGGINS JR. died as a direct and proximate result of the gunshot wounds inflicted by DEPUTY DARREN SANDBERG.

73.     At no time during the course of these events did decedent MANUEL LOGGINS JR. pose any reasonable threat of violence to the involved deputy, nor did he do anything to justify the deadly force used against him, and the involved deputy's use of force was unreasonable, deadly, excessive, and unlawful. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. was not armed with any kind of weapon, and posed no reasonable threat of violence to any deputy, nor to any other individual. Both prior to and during the time in which he was fatally shot, MANUEL LOGGINS JR. made no aggressive movements, no furtive gestures, and no physical movements which would suggest

21

1   to a reasonable deputy that he was armed with any kind of weapon, or had the will,

2   or the ability to inflict substantial bodily harm against any individual. Both prior

3   to and during the time in which Defendant DEPUTY DARREN SANDBERG shot

4   and killed MANUEL LOGGINS JR., DEPUTY DARREN SANDBERG was not

5   faced with any circumstances which would have led a reasonable deputy to believe

6   that MANUEL LOGGINS JR. posed the risk of death, or serious bodily injury to

7   any deputy, or to any other individual.

7        74.    Plaintiffs further allege that Defendant DEPUTY DARREN

8   SANDBERG failed to exercise reasonable and ordinary care in committing the

9   acts alleged herein, by actions and inactions which included, but were not limited

10  to, negligently stopping and detaining decedent MANUEL LOGGINS JR. without

11  probable cause or reasonable suspicion, negligently failing to determine that

12  MANUEL LOGGINS JR. was unarmed when he was shot, negligently failing to

13  determine the fact that MANUEL LOGGINS JR. posed no threat of physical harm

14  to any person when he was shot, negligently inflicting physical injury upon

15  MANUEL LOGGINS JR. as described herein, and negligently employing deadly

16  force against MANUEL LOGGINS JR. when the same was unnecessary and

17  unlawful. All of these negligent acts proximately caused MANUEL LOGGINS

18  JR.'S death on February 7, 2012. Plaintiffs further allege that Defendant DEPUTY

19  DARREN SANDBERG failed to exercise reasonable and ordinary care in

20  committing the acts alleged herein, by actions and inactions which included, but

21  were not limited to, negligently stopping and detaining decedent MANUEL

22  LOGGINS JR. without probable cause or reasonable suspicion, negligently failing

23  to determine that MANUEL LOGGINS JR. was unarmed when he was shot,

24  negligently failing to determine the fact that MANUEL LOGGINS JR. posed no

25  threat of physical harm to any person when he was shot, negligently inflicting

26  physical injury upon MANUEL LOGGINS JR. as described herein, and

27  negligently employing deadly force against MANUEL LOGGINS JR. when the

28  same was unnecessary and unlawful. All of these negligent acts proximately

    caused MANUEL LOGGINS JR.'S death on February 7, 2012.

        75.    Throughout the course of the above-described events, two of decedent

MANUEL LOGGINS JR.'S biological daughters, Plaintiffs C.L. and F.L., were present at the subject location and directly saw, perceived, and heard the incident involving Defendant DEPUTY DARREN SANDBERG and their father. As a direct result of the negligent tactics used by DEPUTY DARREN SANDBERG in stopping, detaining, and ultimately shooting their father, MANUEL LOGGINS JR., Plaintiffs C.L. and F.L. have suffered, and continue to suffer, severe emotional distress.

76. Throughout all of the above-described events, Plaintiffs C.L. and F.L. were present at the subject location and personally witnessed the detention, and ultimately the shooting of their biological father, decedent MANUEL LOGGINS JR. Plaintiffs C.L. and F.L. were present and contemporaneously aware of the events leading up to and including the fatal shooting of their biological father, and have suffered extreme emotional distress, grief, shock, and physical impairments as a result of witnessing the above-described events.

77. As a direct and proximate result of the above-described negligent acts and omissions of Defendant DEPUTY DARREN SANDBERG, Plaintiffs C.L. and F.L. suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, and apprehension, all to their damage in a sum to be determined at trial.

## JURY DEMAND

Plaintiffs hereby demand that a jury be empaneled for the trial of this matter.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1. For burial and funeral related expenses according to proof at trial;

2. For general and special damages in an amount according to proof at trial;

3. For medical and related expenses according to proof at trial;

4. For costs of suit incurred herein;

5. For attorneys' fees incurred herein, as provided by law;

6.    For punitive damages against the individual Defendants in their individual capacities in an amount to be determined according to proof at trial; and

7.    For such other and further relief as the Court deems just and proper.

DATED: May 2, 2012                          Respectfully Submitted,

                                            **THE COCHRAN FIRM**


By: _____

                                            Brian T. Dunn
                                            Attorney for All Plaintiffs

COMPLAINT FOR DAMAGES

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE
## HEALTH CARE AGENCY
1200 N. MAIN STREET, SUITE 100-A
SANTA ANA, CA. 92701

3052012029957                 CERTIFICATE OF DEATH              3201230002331

| | | |
|---|---|---|
| MANUEL | LEON | LOGGINS JR |

02/22/1980   31   M

ILLINOIS          MARRIED          02/07/2012   0549

HS GRADUATE          AFRICAN AMERICAN

SERGEANT          UNITED STATES MARINE CORPS          13

ORANGE          CALIFORNIA

LAWRENCE SOTO, DECEDENT AFFAIRS          SANTA MARGARITA ROAD, CAMP PENDLETON,

PHOEBE   DELICHIA   AMOS

MANUEL   LEON   LOGGINS SR   MISSISSIPPI

MARY   JANE   AARON   MISSISSIPPI

08/01/2012   ABRAHAM LINCOLN NATIONAL CEMETERY   27034 SOUTH DIAGONAL ROAD, ELWOOD, IL 60421

TRIBU   SHARRON HOLLY CLARK   EMB7815

ETERNAL HILLS MORTUARY   ERIC G. HANDLER, M.D.   02/16/2012

MISSION HOSPITAL REGIONAL MEDICAL CENTER   MISSION VIEJO

ORANGE   27700 MEDICAL CENTER ROAD

PENDING INVESTIGATION   12-00894-SH

MITCHELL D. SIGAL   02/08/2012   MITCHELL D. SIGAL, DEPUTY CORONER

FEB 1 2012

## CERTIFIED COPY OF VITAL RECORDS
*003058718*



STATE OF CALIFORNIA
COUNTY OF ORANGE

DATE ISSUED

This is a true and exact reproduction of the document officially
registered and placed on file in the office of the VITAL RECORDS
SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



ERIC G. HANDLER, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

1

### DECLARATION OF PHOEBE LOGGINS

2       1.    The decedent's name who is the subject of this action for wrongful death is

3   MANUEL LOGGINS, JR.

4       2.    On February 7, 2012, decedent MANUEL LOGGINS, JR. was killed in a deputy

5   involved shooting occurring at or near 700 Avenida Pico, in the City of San Clemente,

6   California.

7       3.    No proceeding is now pending in California for the administration of the

8   decedent's estate.

9       4.    I am the decedent's successor in interest (as defined in Section 377.11 of the

10   California Code of Civil Procedure) with respect to the decedent's interest in the within action.

11       5.    No other person has a superior right to commence the action or proceeding or to

12   be substituted for the decedent in the pending action.

13       I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct.

15

16   DATED:  4/24/12                          Phoebe Loggins

                                          PHOEBE LOGGINS, declarant

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| PHOEBE LOGGINS, individually and as Successor in Interest to MANUEL LOGGINS JR., deceased, C.L., a minor, by and through her Guardian Ad Litem, PHOEBE LOGGINS, et al.       d | COUNTY OF ORANGE, municipal corporation,DEPUTY DARREN SANDBERG, an individual, SHERIFF-CORONER SANDRA HUTCHENS, an individual, and DOES 1 through 10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| BRIAN T. DUNN, ESQ. (SBN 176502)<br>JAMON R. HICKS, ESQ. (SBN 232747)<br>THE COCHRAN FIRM - LOS ANGELES<br>4929 Wilshire Boulevard, Suite 1010<br>Los Angeles, CA  90010<br>(323) 931-6200 | |

**II.   BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☒ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   SACV12-691·

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

     [ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

     [ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

     [ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[X]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[X]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**                                        Date  May 1, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 691 JVS  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHOEBE LOGGINS, individually and as Successor in Interest to MANUEL LOGGINS JR., deceased, see attached | CASE NUMBER |
| PLAINTIFF(S) | SA CV12-691·JVS(MLGx) |
| v. | |
| COUNTY OF ORANGE, a municipal corporation, DEPUTY DARREN SANDBERG, an individual, SHERIFF-CORONER SANDRA HUTCHENS, an individual, and DOES 1 through 10, inclusive, DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within 21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Brian T. Dunn, The Cochran Firm_ , whose address is _4929 Wilshire Boulevard, Suite 1010, Los Angeles, California 90010_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 5-7-12          By: _____
                           Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ATTACHMENT TO SUMMONS

<u>Plaintiff's continued</u>

C.L., *a minor* by and through her Guardian Ad Litem, PHOEBE LOGGINS,  F.L., a minor, by and through her Guardian Ad Litem, PHOEBE LOGGINS, G.L., a minor, by and through her Guardian Ad Litem, PHOEBE LOGGINS, H.L., *a minor* by and through her Guardian Ad Litem, PHOEBE LOGGINS,

Plaintiff's